CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 31 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALVIN W. CLOSE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:10CV0007 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| UNITED STATES OF AMERICA, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Alvin W. Close filed this medical malpractice action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, alleging that he received substandard medical care following an operative procedure at the Salem Veterans Administration Medical Center (VA Medical Center). The case is presently before the court on the government's motion to exclude the plaintiff's proffered expert witness and renewed motion for summary judgment. For the reasons that follow, the government's motions will be granted.

## Background

The plaintiff is 89 years old. In February of 2008, Dr. Larry Lipscomb, an orthopaedic surgeon at the VA Medical Center, performed surgery to repair the plaintiff's right quadriceps tendon. At some point after the surgery, while receiving postoperative care, the plaintiff developed nerve damage. He was left with "permanent 'clawing' of the toes of the right foot." (Compl. at 2).

The plaintiff filed this action on January 6, 2010. Along with his complaint, the plaintiff submitted a copy of an independent medical examination report prepared by Dr. Gordon Burch, a neurologist at Roanoke Neurological Center. In the report, Dr. Burch opined that the plaintiff, "by virtue of the postoperative care, experienced neurapraxic or compression injury to the

peripheral nerves of the right lower extremity," which "resulted in a severe pain syndrome of the lower limb." (Burch Report at 2). Dr. Burch further opined that the plaintiff's postoperative care following the quadriceps tendon repair was "substandard," and that "the problems in the right lower extremity . . . are a direct and proximate consequence of his postoperative care." (Burch Report at 2).

On July 6, 2010, prior to the original deadline for completing discovery, the government moved for summary judgment on the basis that the plaintiff had not identified a physician qualified to testify as an expert on the applicable standard of care. In his response in opposition, the plaintiff argued that the government's motion was premature, since the discovery period had not expired. The court held a hearing on the motion for summary judgment on August 10, 2010. By order entered that same day, the court denied the motion without prejudice as premature.

On December 27, 2010, following the close of discovery, the government filed a motion to exclude the plaintiff's proffered expert witness and renewed motion for summary judgment. The court held a hearing on the motions on January 19, 2011. By order entered January 20, 2011, the government's motions were taken under advisement and the plaintiff's obligation to respond to the motions was stayed for 60 days. The parties were advised that the court would rule on the motions at the end of the 60-day period.

The plaintiff has not filed a response in opposition to the government's motions and the time for doing so has expired. Accordingly, the motions are ripe for review.

## Discussion

The plaintiff's medical malpractice claim is governed by Virginia law. See Myrick v. United States, 723 F.2d 1158, 1159 (4th Cir. 1983). Under Virginia law, a plaintiff asserting a

2

claim of medical malpractice must establish (1) the applicable standard of care; (2) that the standard was breached; and (3) that the breach was the proximate cause of the plaintiff's injuries. Parker v. United States, 475 F. Supp. 2d 594, 598 (E.D. Va. 2007) (citing Bryan v. Burt, 486 S.E.2d 536 (Va. 1997)). Ordinarily, expert testimony is necessary to establish each of the foregoing elements. Webb v. Smith, 661 S.E.2d 457, 459 (Va. 2008). "Exceptions to this rule exist only in 'those rare cases in which a health care provider's act or omission is clearly negligent within the common knowledge of laymen." Id. (quoting Raines v. Lutz, 341 S.E.2d 194, 196 n.2 (Va. 1986)). See, e.g., Easterling v. Walton, 156 S.E.2d 787, 791 (Va. 1967) (holding that no expert testimony was necessary where the surgeon left a foreign object inside a patient's body during surgery).

Having reviewed the record, the court concludes that the present case does not present the sort of rare circumstances in which expert testimony is not required. Thus, the court must consider the qualifications of the plaintiff's expert. The only expert designated by the plaintiff is Dr. Gordon Burch, the neurologist who prepared the independent medical examination report submitted with the plaintiff's complaint. For the following reasons, the court agrees with the government that Dr. Burch is not qualified to testify as an expert on the applicable standard of care.

Virginia Code § 8.01-581.20 defines the standard of care in medical malpractice cases and sets forth the qualification requirements for standard of care experts. The pertinent portion of the statute, which sets forth the standard for qualifying as an expert, provides as follows:

> A witness shall be qualified to testify as an expert on the standard of care if he demonstrates expert knowledge of the standards of the defendant's specialty and of what conduct conforms or fails to conform to those standards and if he has had active clinical practice in either the defendant's

3

speciality or a related field of medicine within one year of the date of the alleged act or omission forming the basis of the action.

Va. Code § 8.01-581.20(A). The Supreme Court of Virginia has characterized these requirements as the "knowledge requirement" and the "active clinical practice requirement." Wright v. Kaye, 593 S.E.2d 307, 311 (Va. 2004). "Both of the requirements must be satisfied before an expert can testify as to the standard of care." Hinkley v. Koehler, 606 S.E.2d 803, 806 (Va. 2005). The Supreme Court has held that "in applying the 'related field of medicine' test for purposes of [the active clinical practice requirement], it is sufficient if in the expert witness's clinical practice the expert performs the procedure at issue and the standard of care for performing the procedure is the same." Sami v. Varn, 535 S.E.2d 172, 175 (Va. 2000).

Having considered the requirements of § 8.01-581.20 and the relevant precedent from the Supreme Court of Virginia, the court concludes that Dr. Burch is not qualified to render an expert opinion on the standard of care at issue in this case, specifically the standard of care imposed upon an orthopaedic surgeon who provides postoperative care for a quadriceps tendon repair.[1] As previously stated, Dr. Burch is a neurologist. During his deposition, Dr. Burch testified that he considers himself "an expert in the assessment of a limb that has been neurologically traumatized," and that he is an "expert in the assessment of possible causes of that neurological

---

[1] Dr. Burch initially opined that Dr. Lipscomb's postoperative care was negligent. At the beginning of his deposition, Dr. Burch was asked to identify the plaintiff's injuries and to state his opinion regarding the source of the injuries. Dr. Burch testified that the plaintiff suffered nerve compression injuries, and that he was of the opinion that the injuries "were the result of bracing and compression hose" applied as part of the plaintiff's postoperative treatment by Dr. Lipscomb. (Burch Dep. at 9).

As noted infra, however, Dr. Burch had not seen all of the plaintiff's medical records at the time that he offered his initial opinions. Upon reviewing additional medical records provided by the government, Dr. Burch was unable to testify to a reasonable degree of medical certainty that Dr. Lipscomb's postoperative care was negligent.

4

compromise." (Burch Dep. at 10). However, Dr. Burch specifically acknowledged that he is "not familiar with the standard of care of the conduct of the [surgical] procedure itself, . . . [or] the standard of care as it applies to the application of certain measures postoperatively. (Burch Dep. at 10) (emphasis added). When asked to identify the last time that he performed postoperative care for a quadriceps repair procedure, Dr. Burch testified as follows: "I am not trained to do that and I don't do that." (Burch Dep. at 21). In response to further questioning, Dr. Burch testified that while he is trained to assess the consequences of postoperative quadriceps repair care, he is "not trained to initiate or conduct such care." (Burch Dep. at 21).

Based on the foregoing deposition testimony from Dr. Burch and in the absence of any evidence from the plaintiff regarding the neurologist's relevant experience, the court is unable to conclude that Dr. Burch has "expert knowledge" of the standards of Dr. Lipscomb's specialty, Va. Code § 8.01-581.20, or that Dr. Burch "performs the procedure at issue and the standard of care for performing the procedure is the same," Sami 535 S.E.2d at 175. Consequently, Dr. Burch is not qualified to testify on the standard of care applicable to Dr. Lipscomb's postoperative management of the plaintiff's quadriceps repair. Compare Lawson v. Elkins, 477 S.E.2d 510, 511-512 (Va. 1996) (holding that a neurologist was not qualified to provide an expert opinion on the standard of care imposed upon an orthopaedic surgeon who performs a chemonucleolysis procedure, since he "has never performed a chemonucleolysis procedure on a patient" or "observed an actual procedure performed on a patient"), with Lloyd v. Kime, 654 S.E.2d 563, 571 (Va. 2008) (holding that a neurologist was qualified to testify as to the standard of care governing the post-operative evaluation performed by an orthopaedic surgeon, since the plaintiff presented "uncontradicted testimony" that the standard of care for such evaluation "was

common to neurosurgeons, orthopaedists, and neurologists"). Therefore, the court will grant the government's motion to exclude Dr. Burch as a standard of care expert.

In light of the court's decision, the court must also grant the government's renewed motion for summary judgment. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As previously explained, the plaintiff must provide expert testimony to establish the applicable standard of care. See Webb, 661 S.E.2d at 459. Because the court has excluded Dr. Burch from testifying as a standard of care expert, and since the plaintiff has not designated any other expert qualified to testify regarding the applicable standard, the court concludes that the plaintiff has failed to raise a genuine issue of material fact as to this required element, and that the government is entitled to judgment as a matter of law. Accordingly, the court will grant the government's renewed motion for summary judgment.[2] See Sharpe v. United States, 230 F.R.D.

---

[2] Even if Dr. Burch had qualified to testify as a standard of care expert, it appears from the record that his testimony ultimately would not have been favorable to the plaintiff. After reviewing additional medical records during his deposition, Dr. Burch was unable to testify that Dr. Lipscomb breached any standard of care:

Q.   Do you still hold the opinion that Dr. Lipscomb breached the standard of care?

A.   I'm not sure given this data.

Q.   . . . [W]e have to go to the court . . . and we have to know what your opinion is.

A.   My opinion is that I can't be sure.

Q.   So you do not hold the opinion that to a reasonable degree of medical certainty Dr. Lipscomb breached the standard of care?

A.   I cannot say based on additional data here that there was a definite breach of the standard of care.

(Burch Dep. at 68).

452, 457 (E.D. Va. 2005) ("If testimony based on [expert] reports should be excluded, then summary judgment is clearly appropriate, as the plaintiff will have failed to meet her burden of producing admissible evidence to create a genuine issue of material fact."); see also Estate of Harvey v. Roanoke City Sheriff's Office, 585 F. Supp. 2d 844, 863 (W.D. Va. 2008) (holding that the plaintiff's designated expert was not qualified to testify regarding the applicable standard of care and, thus, that the medical defendants were entitled to summary judgment on the plaintiff's medical malpractice claim).

## Conclusion

For the reasons stated, the court will grant the government's motion to exclude the plaintiff's proffered expert witness and renewed motion for summary judgment. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 31st day of March, 2011.

*/s/ Glen Conrad*
Chief United States District Judge